In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-03-00239-CR
______________________________


CHARLES EDWARD GUIDROZ, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 252nd Judicial District Court
Jefferson County, Texas
Trial Court No. 88493


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Chief Justice Morriss


MEMORANDUM OPINION

            Charles Edward Guidroz complains the trial court violated his Fifth Amendment protection
against self-incrimination. We find Guidroz failed to preserve this issue for review and affirm the
trial court's judgment.
            On August 14, 2003, Guidroz was charged by two indictments with aggravated sexual assault
of a child and aggravated kidnapping. Pursuant to a negotiated plea agreement, which did not
address punishment, Guidroz pled guilty to the lesser-included offense of sexual assault of a child,



and the State dismissed the aggravated kidnapping charge. The trial court accepted Guidroz' guilty
plea and scheduled sentencing for October 3, 2003, to allow a presentence investigation (PSI) report
to be prepared. See Tex. Code Crim. Proc. Ann. art. 42.12, § 9(g) (Vernon Supp. 2004).
            Rebecca Isles prepared the PSI report in this case. Her report included information gathered
from reviewing various police reports, witness statements, and the district attorney's file. At the
punishment hearing, Guidroz objected to several portions of the PSI report. As it relates to his
appeal, Guidroz objected to the report's inclusion of results from a "Static 99" test.


 The results from
the Static 99 test suggested Guidroz posed a "high risk" for committing another sexual offense in the
future. 
            The trial court overruled Guidroz' objections to the Static 99 test, and presumably considered
it when sentencing Guidroz. On appeal, Guidroz contends the trial court violated his Fifth
Amendment right against self-incrimination by admitting the results of the Static 99 test during the
punishment phase of the trial. See U.S. Const. amend. V. 
            To preserve a complaint for appellate review, 
the record must show that: (1) the complaint was made to the trial court by a timely
request, objection, or motion that: (A) stated the grounds for the ruling that the
complaining party sought from the trial court with sufficient specificity to make the
trial court aware of the complaint, unless the specific grounds were apparent from the
context . . . .
 
Tex. R. App. P. 33.1(a). For example, objecting to a witness' testimony on the basis of hearsay will
not preserve for appeal a Confrontation Clause objection. Paredes v. State, No. 74,293, 2004 WL
57432 (Tex. Crim App. Jan. 14, 2004). 
            In his objection to the trial court, Guidroz did not assert the Static 99 test violated his Fifth
Amendment protection against self-incrimination. And from the context of the ensuing testimony
from Isles, it is clear Guidroz' attack on the Static 99 test being admitted into evidence was not based
on a Fifth Amendment violation, but instead based on Isles' reliance on the police report in
determining the proper answers that would ultimately contribute to Guidroz' "high risk" score. Thus,
Guidroz' generalized objection in the trial court was insufficient to preserve his appellate claim of
constitutional error.
            Moreover, Article 42.12, Section 9A of the Texas Code of Criminal Procedure requires the
trial court to order a report that evaluates a proposed course of conduct or rehabilitation.
If the defendant is a sex offender, the judge shall direct a supervision officer
approved by the community supervision . . . department . . . to evaluate the
appropriateness of, and a course of conduct necessary for, treatment, specialized
supervision, or rehabilitation of the defendant and to report the results of the
evaluation to the judge. The judge may require the evaluation use offense-specific
standards of practice adopted by the counsel and may require the report to reflect
those standards. The evaluation shall be made after conviction and before entry of
the final judgment, or, if requested by the defendant, after arrest and before
conviction.
 
Tex. Code Crim. Proc. Ann. art. 42.12, § 9A(c) (Vernon Supp. 2004) (emphasis added). 
            In this case, Isles used the Static 99 test as one component of her multifaceted case evaluation
in making a rehabilitation recommendation to the trial court. An offender's likelihood of recidivism
is relevant when considering an appropriate course of rehabilitation. As such, the trial court did not
err by adhering to the statutory requirements of Article 42.12, Section 9A and considering the results
of the Static 99 test.
 
 
 
 
 
            For the reasons stated, we affirm the trial court's judgment.



                                                                                    Josh R. Morriss, III
                                                                                    Chief Justice

Date Submitted:          March 31, 2004
Date Decided:             April 1, 2004

Do Not Publish